863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
SCHIAVI'S, INC., Respondent.
 No. 88-6127.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1988.
 
 Before LIVELY and WELLFORD, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 
 1
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Schiavi's, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, enforcing its order dated July 18, 1988, in Case No. 7-CA-27439, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Schiavi's, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 4
 (a) Refusing to bargain collectively with Local 24, Hotel Employees and Restaurant Employees International Union, AFL--CIO about the effects of its decision to close its Detroit, Michigan facility on the employees in the following appropriate unit:
 
 
 5
 All full-time and regular part-time chefs, night chefs, broiler employees, cooks, pantry employees, store room employees, kitchen porters and general utility employees, bartenders, captains, waiters/waitresses, bus help, host/hostesses, porters, powder room maids, food checkers, cashiers, and checkroom attendants employed by the Respondent; but excluding guards and supervisors as defined in the Act.
 
 
 6
 (b) Failing and refusing to furnish the Union with information requested by the Union and relevant to the performance of its function as the collective-bargaining representative of the employees in the unit.
 
 
 7
 (c) Failing and refusing to comply with the terms and conditions of the collective-bargaining agreement between the Respondent and the Union by unilaterally discontinuing the payment of pension/welfare benefits, vacation benefits, and severance pay, and the remittance of union dues deducted from employees' paychecks.
 
 
 8
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) Bargain in good faith with the Union regarding the pension/welfare, vacation, and severance pay benefits afforded to employees in the bargaining unit and regarding the effects of the Respondent's cessation of operations on the employees in the unit, and pay limited backpay in the manner set forth in the remedy section of the Board's Decision.
 
 
 11
 (b) Make whole employees in the bargaining unit for any losses they may have suffered by reason of the unilateral changes in pension/welfare, vacation, and severance pay benefits since May 2, 1987, with interest thereon calculated in accordance with Board policy.
 
 
 12
 (c) Make payments to the pension/welfare trust funds of those moneys that would have been paid on and after May 2, 1987, on behalf of the employees in the bargaining unit.
 
 
 13
 (d) Remit to the Union all union dues deducted from employees' paychecks for the months of July through September 1987.
 
 
 14
 (e) Furnish the Union with the information it requested which is necessary for and relevant to the performance of its statutory function as the collective-bargaining representative of bargaining unit employees.
 
 
 15
 (f) Mail a copy of the attached notice marked "Appendix" to all unit employees who were employed at the Detroit, Michigan facility as of the time of the Respondent's unfair labor practices. Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be mailed by the Respondent immediately upon receipt as above directed.
 
 
 16
 (g) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 18
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 WE WILL NOT refuse to bargain collectively with Local 24, Hotel Employees and Restaurant Employees International Union, AFL--CIO about the effects of our decision to close our Detroit, Michigan facility on the employees in the following appropriate unit:
 
 
 21
 All full-time and regular part-time chefs, night chefs, broiler employees, cooks, pantry employees, store room employees, kitchen porters and general utility employees, bartenders, captains, waiters/waitresses, bus help, host/hostesses, porters, powder room maids, food checkers, cashiers, and checkroom attendants employed by us; but excluding guards and supervisors as defined in the Act.
 
 
 22
 WE WILL NOT fail or refuse to furnish the Union with the information it requested which is necessary for and relevant to the performance of its function as the collective-bargaining representative of bargaining unit employees.
 
 
 23
 WE WILL NOT fail or refuse to comply with the terms and conditions of our collective-bargaining agreement with the Union by unilaterally discontinuing the payment of pension/welfare benefits, vacation benefits, and severance pay, and the remittance of union dues deducted from employees' paychecks.
 
 
 24
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 25
 WE WILL bargain in good faith with the Union regarding the pension/welfare, vacation, and severance pay benefits afforded to employees in the bargaining unit and regarding the effects of our cessation of operations on the employees in the unit, and WE WILL pay unit employees limited backpay as required by the National Labor Relations Board.
 
 
 26
 WE WILL make whole employees in the bargaining unit for any losses they may have suffered by reason of our unilateral changes in pension/welfare, vacation, and severance pay benefits since May 2, 1987, with interest thereon calculated in accordance with the policy of the National Labor Relations Board.
 
 
 27
 WE WILL make payments to the pension/welfare trust funds of those moneys that would have been paid on and after May 2, 1987, on behalf of employees in the bargaining unit.
 
 
 28
 WE WILL remit to the Union all union dues deducted from employees' paychecks for the months of July through September 1987.
 
 
 29
 WE WILL furnish the Union with information requested by the Union and relevant to the performance of its statutory function as the collective-bargaining representative of bargaining unit employees.
 
 
 30
 SCHIAVI'S, INC.
 
 
 31
 (Employer)
 
 Dated __________ By ____________________
 
 32
 (Representative) (Title)
 
 
 33
 This is an official notice and must not be defaced by anyone.
 
 
 34
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 330, Detroit, Michigan 48226--2569, Telephone 313--226--3219.